UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| INTEGRITY BELLS, LLC d/b/a<br>GUARDIAN BELLS, LLC,<br>          Plaintiff,<br><br>v.<br><br>BRAVO BELLS, LLC, DOES 1-10,<br>INCLUSIVE,<br>          Defendants. | Civil Action No.: _____<br><br>**COMPLAINT** |

Plaintiff INTEGRITY BELLS, LLC, doing business as GUARDIAN BELLS,

LLC (hereinafter "PLAINTIFF" and/or "Guardian"), makes the following allegations against

Defendant BRAVO BELLS, LLC, ("Defendants" and/or "Bravo"):

**NATURE OF THE ACTION**

1.     Plaintiff alleges, on information and belief, that Defendant has engaged in

willful, pervasive, and large-scale copying of a significant number of Plaintiff's copyright

protected works, including its bell designs that are registered copyrights and also copied

its trade dress protected packaging.

2.     Plaintiff INTEGRITY BELLS, LLC, dba GUARDIAN BELLS, LLC, is a Maine

limited liability corporation with its principal place of business in Marlborough, Connecticut

operating under the name Guardian Bells, LLC.  INTEGRITY BELLS, LLC acquired the right to

do business under the name Guardian Bells, LLC and the copyrights at issue in this dispute in

2019 from a now inactive Arizona entity with that same name. Integrity Bells will be referred to

herein as "Guardian".   A true and correct copy of the copyright assignment from Guardian Bell,

LLC to Guardian is attached as Exhibit A.

1

3.      On information and belief, Defendant Bravo Bells, LLC is a limited liability corporation formed under the laws of the State of California, with its main offices in Oceanside, California (hereinafter referred to as "Bravo"). On information and belief, Bravo's primary marketing and sales of its products is exclusively on the internet nationwide, specifically on their own website bravobells.net, on their Amazon storefront, and on Etsy.  On information and belief, Bravo engages in business and transactions in this district sufficient to have minimum contacts in this forum to receive the benefit of the laws herein and that warrant personal jurisdiction in this matter.

## JURISDICTION AND VENUE

4.      This action arises under the copyright laws of the United States, 17 U.S.C. § 101 et seq., as well as §43(a) of the Lanham Act, §15 U.S.C. §§ 1114 and 1125(a),. This Court has jurisdiction over the subject matter of this Complaint pursuant to 15 U.S.C. §1121, 28 U.S.C. §§ 1331, 1338(a) and (b), 1367.

5.      This Court has personal jurisdiction over Defendant by virtue of its transacting, doing, and soliciting business in this District, and committing acts of copyright and trademark infringement and causing injury in this District.

6.      This court also has jurisdiction for all of the state law claims on the basis of supplemental jurisdiction under 28 U.S.C. §1367(a) in that the federal and state law claims alleged herein are based on the same operative facts, and the Court's exercise of jurisdiction over the pendent state law claims will promote judicial economy, convenience, and fairness to the parties.

7.      Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b)(2) and 1400(a).

## COMMON FACTS

8.      Guardian is engaged in the business of selling bells and pins that contain copyrighted designs and engravings. Guardian sells its bells and pins locally, and online including operating a retail website at www.guardianbell.com since 2003.

9.      Guardian Bells, LLC was originally an Arizona entity formed in or around 2003.

10.     Between 2003 to 2019, Guardian Bells, LLC obtained numerous copyrights and copyright registrations on nearly 200 bell designs.

11.     In July 2019, Guardian Bells, LLC assigned to Guardian "one hundred percent (100%) of all right, title and interest in the United States in and to the above identified copyrights, including worldwide rights thereto, together with the goodwill of the business." (The "above identified copyrights" include 189 bells as listed on pages 1-10 in Exhibit A).  As such, Guardian is the owner of all copyrights previously owned by Guardian Bells, LLC, along with all intellectual property rights including all copyright registrations.

12.     Guardian's innovative and commercially successful products are the result of its unique, marketable product designs and high-quality manufacturing. Guardian's products have become so popular and well recognized that they are some of the best known in the industry. Guardian's success since 2003 has motivated its competitor Bravo Bells to capitalize on Guardian's success by copying its products and preying on Guardian's customer base, instead of developing their own product lines.

13.     Guardian markets its bells in part by providing the "LEGEND" on a small paper insert included within the drawstring black velvet bag that comes with each bell sold:



(hereinafter the "LEGEND" insert).

14.     A copy of Guardian's "LEGEND" insert that comes with each bell is included

below:

### Guardian● Bell

Legend has it that Evil Road Spirits have been latching themselves on
to motorcycles for as long as there have been bikes on the road.
These Evil Road Spirits are responsible for mechanical problems and
bad luck along a journey.

Legend goes on to say that by attaching a small bell onto your bike,
the Evil Road Spirits will become trapped inside the bell where the
constant ringing drives them insane, making them lose their grip until
they fall to the ground.(Ever wonder where pot–holes come from?)

Legend also has it that the mystery of the Guardian● Bell carries twice
as much power when it is purchased by a friend or loved one and
given as a gift. Show someone how much you care. Offer them de–
fense against the Evil Road Spirits! Give a Guardian● Bell and share
the Legend of Good Luck it offers to a motorcycle and its rider!

#### MADE IN THE USA

4

15.     Additionally, Plaintiff's packaging of its products upon shipping to clients encompasses original stylistic choices to create a unique look and feel, which is protectable trade dress.

16.     On information and belief, an integral part of Bravo's manufacturing operations includes extensively copying Guardian's proprietary designs for its infringing bells, in clear violation of Guardian's copyrights, trademarks and other intellectual property rights.

17.     As further evidence of bad faith copying by Bravo of Guardian's business, Bravo also includes a drawstring black velvet bag with each bell sold, which also contains a small paper insert as seen below, in violation of Guardian's copyrights and trademarks:



Legend has it that Evil Road Spirits have been latching themselves on to motorcycles. They are little gremlins that live in your bike and enjoy causing mechanical problems and giving bad luck.
According to the legend by attaching a small bell to your **motorcycle the gremlins will get trapped** in its hollow **if they try to reach** for your bike and the constant **ringing will drive them insane** until they lose **their grip and fall down** causing a pothole **on the road.**
If you buy your own the power works, but if you receive one as a gift from a friend or loved one the power is twice as strong.

**www.bravobells.net**



18.    Guardian owns numerous copyrights for engraved designs on bells registered with

the United States Copyright Office – which have each been willfully infringed by Bravo.  A table

listing Guardian's relevant copyrights is included below:

|  | Title of Work Infringed (and description if needed). | Guardian's Copyright Registration Number and Year |
|---|---|---|
| 1. | "Eagle Magnum" | VAu1193207 - 2014 |
| 2. | "Ride It Like You Stole It" | VAu742981 - 2007 |
| 3. | "Cruiser", Motorcycle | VAu988527 and VAu984058 – 2008* |
| 4. | "Virgin Mary" | VAu1053090 – 2010* |
| 5. | "V Twin Engine" | VAu1193209 - 2014 |
| 6. | "Bald Eagle with Flag" | VAu1261957 - 2016 |
| 7. | "Flame" | VA0001322184 - 2003 |
| 8. | "Fire", hydrant with Fire Dept logo (under Service Bell Collection) | VAu599-336 - 2003 |
| 9. | "Celtic" (under Guardian Bells 2006 Motorcycle Bells 3") | VAu683-673 – 2006 |

| 10. | "420 September 2012", Pot Leaf | VAu 1-110-921 – 2012 |
| 11. | "Maple Leaf" | VAu754-913 – 2007 |
| 12. | "Route 66" | VAu1050589 – 2010 |

(hereinafter "Copyrighted Works")

(See copies of registration certificates attached in Exhibit B)[1]

19.     Bravo has infringed the Copyrighted Works above by manufacturing and selling infringing designs as displayed below.

20.     Bravo copied and produces bells with the infringing designs, profiting from them without authorization, credit or compensation, by selling them to the public online through its website, third-party sellers (including Amazon, Walmart, eBay, and Etsy, all of which *also* sell Guardian Bells and offer products to all 50 states), and boutique and specialty online retailers. Bravo has solicited, and continues to solicit, retailers to sell these bells by registering through its website at https://bravobells.net/ to "Become a Retailer" and get "access to wholesale pricing."

21.     Guardian's Copyrighted Works and the unauthorized copies are strikingly similar when viewed in a side-by-side comparison, as shown below.

22.     Bravo manufactures, markets, and sells a 3-D biker bell, the "Eagle Head Bell," pictured below (right) next to Guardian's "Eagle Magnum" bell (left).  Guardian's "Eagle Magnum" bell (copyright registration no. VAu1193207 (2014)) showcases a bald eagle's head carved out of pewter, with a closed beak, eyes opened with a steady gaze, with textured feathers up to its neck, with a jagged bottom neck line forming the bottom of the bell instead of the customary flat-bottom most bells feature, and a loop at the center of the eagle's head.

---

[1] Exhibit B includes all of the copyright registrations currently in Guardian's possession. Guardian has provided the registration numbers for the three bells with asterisks and is in the process of requesting the copyright registration certificates from the Copyright office.

 

23.     Bravo has copied Guardian's copyright-protected design, without permission, producing its own unauthorized copy of Guardian's "Eagle Magnum" bell, featuring a bald eagle's head carved out of pewter, with a closed beak, eyes opened with a steady gaze, with textured feathers up to its neck, with a jagged bottom neck line forming the bottom of the bell instead of the customary flat-bottom most bells feature, and a loop at the center of the eagle's head.

24.     Bravo manufactures, markets, and sells the "Ride It Like You Stole It Bell," pictured below (right) next to Guardian's bell of the same name (left).  Guardian's "Ride It Like You Stole It" bell (copyright registration no. VAu742-981 (2007)) features a frontal-facing skeleton riding a motorcycle with prominent handlebars in the foreground, engulfed by large flames reaching the top of the bell, in the background, on the front.  The back of the bell displays the text, "RIDE IT LIKE YOU STOLE IT, in upper case, block lettering.  The phrase is displayed in three lines, with two words on each line.

25.     Bravo has copied Guardian's copyright-protected design, without permission, producing its own unauthorized copy of the bell, featuring identical elements: namely a frontal-facing skeleton riding a motorcycle with prominent handlebars, engulfed by large flames moving

from the lip (bottom) of the bell upward toward the crown (top) of the bell, in the background, on

the front, and identical text and placement on the back of the bell in upper case, block lettering,

with three lines, with two words on each line:



26.     Bravo manufactures, markets, and sells the "Motorcycle Bell," pictured below

(right) next to Guardian's "Cruiser" bell (left).  Guardian's "Cruiser" bell (copyright registration

nos. VAu988527 and VAu984058 (2008)) prominently features the lateral view of a cruiser

motorcycle in the foreground, in the style of American motorbikes that were popular from the

1930s to the 1960s, with a blank background.  The riding posture for a cruiser consists of feet

forward, hands raised, lower seat heights, allowing the rider to maintain an upright riding posture or to slightly lean back to enable leisurely riding and easy maneuvering.  The bell features the right-hand side of the cruiser showcasing the gears and the wheel turned slightly to the left.



27.     Bravo has copied Guardian's copyright-protected design, without permission, producing its own unauthorized copy of Guardian's "Cruiser" bell, featuring a lateral, right-hand side view of a cruiser motorcycle in the foreground showcasing the gears with the wheel turned slightly to the left amidst a blank background and in the same size ratio as Guardian's cruiser in relation to the size of the bell.

28.     Biker bells depicting a cruiser motorcycle have been produced by Guardian's competitors with sufficient variation not to infringe on Guardian's copyright, unlike Bravo.  For example, "All American Gremlin Bells" (found at https://www.gremlin-bells.com/) sells a "Jesus Rides With Me Gremlin Bell" that depicts a cruiser motorcycle in the foreground with a large cross in the background.  Unlike Bravo's, this design has sufficiently distinct features so as not to infringe on Guardian's copyright design or create consumer confusion, as seen below.



29.     Bravo manufactures, markets, and sells the "Virgin Mary" bell, pictured below

(right) next to Guardian's bell of the same name (left).   Guardian's "Virgin Mary" bell

(copyright registration no. VAu1053090 (2010)) prominently features the Virgin Mary wearing a

solid (non-patterned) cloak without the stars that are typically on her clothing, with her hands

folded, upright stance, emanating rays of light, with an angel with outstretched arms at her feet.

The bell showcases the Virgin Mary adorned with a cluster of large roses on each side.

 

30.     Bravo has copied Guardian's copyright-protected design, without permission, producing its own unauthorized copy of Guardian's "Virgin Mary" bell, prominently featuring the Virgin Mary wearing a solid (non-patterned) cloak without the stars that are typically on her clothing, with her hands folded, upright stance, emanating rays of light, with an angel with outstretched arms at her feet.  Similar to Guardian's bell, Bravo's bell showcases the Virgin Mary adorned with a cluster of large roses on each side. Of all the available variations of depictions of the Virgin Mary, Bravo copied the same one utilized on a bell as Guardian.

31.     Bravo manufactures, markets, and sells a 3-D biker bell, the "Motorcycle Engine Bell," pictured below (right) next to Guardian's "V Twin Engine" bell (left) (both front and back images are shown below).  Guardian's "V Twin Engine" bell (copyright registration no. VAu1193209 (2014)) features a V-Twin engine, which is a two-cylinder engine, with the cylinders angled at 45 degrees in the shape of a "V" sharing a common crankshaft.  It has knucklehead-shaped rocker boxes with a flywheel that sits between the cylinders.  A loop sits at the center of the rocker boxes.





32.    Bravo has copied Guardian's copyright-protected design, without permission, producing its own unauthorized copy of Guardian's "V Twin Engine" bell based on the same model of V-Twin engine with the cylinders angled at 45 degrees in the shape of a "V," sharing a

common crankshaft.  The bell contains knucklehead-shaped rocker boxes with a flywheel that sits between the cylinders.  Like Guardian's, Bravo's bell has a loop in the center of the boxes and does not utilize the traditional rounded bell design common to most bells.

33.    Biker bells depicting a motorcycle engine have been produced by Guardian's competitors with sufficient variation not to infringe on Guardian's copyright, unlike Bravo.  For example, Wisconsin Harley sells a "Harley-Davidson® Sculpted Engine Bar & Shield Ride Bell" (bottom left, available at https://www.wisconsinharley.com/harley-davidson-sculpted-engine-bar-shield-ride-bell-silver-finish-hrb040/) in the shape of a bell that is made of sterling silver that contains a sculpted engine with a blank Bar & Shield logo.  Additionally, All American Gremlin Bells sells a "V-Twin Gremlin Bell" that contains a twin engine engraved on the bell (bottom right, available at https://www.gremlin-bells.com/index.php?main_page=product_info&products_id=8) Unlike Bravo's, these designs have sufficiently distinct features so as not to infringe on Guardian's copyright design or create consumer confusion.

 

14

34. Bravo manufactures, markets, and sells a "US Flag Eagle Bell," pictured below (right) next to Guardian's "Bald Eagle with Flag" bell (left). Guardian's "Bald Eagle with Flag" bell (copyright registration no. VAu1261957 (2016)) features the head of an eagle, in the foreground, facing right, along with an American flag waving in the background. The eagle has a closed beak, with an eye open, and a steady gaze and is pictured in front of an American flag, with stars and stripes directly behind the eagle's head.



35. Bravo has copied Guardian's copyright-protected design, without permission, producing its own unauthorized copy of Guardian's "Bald Eagle with Flag" bell featuring the head of an eagle, in the foreground, facing right, along with an American flag waving in the background. Like Guardian's, Bravo's bell shows the side profile of an eagle's head with a closed beak, an eye open, and a steady gaze, with the eagle pictured in front of the American flag, with stars and stripes directly behind the eagle's head, with substantially similar size ratios for the eagle and the flag in relation to the bell.

36. Biker bells depicting an eagle and American flag have been produced by Guardian's competitors with sufficient variation not to infringe on Guardian's copyright, unlike

Bravo. For example, Kustom Cycle Parts makes and sells an "American Flag Eagle Bell," that contains a color illustration of the frontal view of a bald eagle with its wings outstretched and its eyes, beak, and claws open. The American flag is painted on the wings of the bald eagle (as seen below and available at https://www.kustomcycleparts.com/product-page/american-flag-eagle-bell). Unlike Bravo's, this design has sufficiently distinct features so as not to infringe on Guardian's copyright design or create consumer confusion.



37.    Bravo manufactures, markets, and sells the "Flame" bell, pictured below (right) next to Guardian's bell of the same name (left). Guardian's "Flame" bell (copyright registration no. VA1322184 (2003)) features flames originating from the lip of the bell, moving upwards toward the crown of the bell. The flames contain a tongue-like shape with a rounded base that thins out. The bell contains alternating short and tall flames that share a common base and surround the bell.

 

38.    Bravo has copied Guardian's copyright-protected design, without permission, producing its own unauthorized copy of Guardian's "Flame" bell featuring flames originating from the lip of the bell, moving upwards toward the crown of the bell. Like Guardian's, Bravo's unauthorized copy displays flames with a tongue-like shape with a rounded base that thins out. The bell contains alternating short and tall flames that share a common base and surround the bell.

39.    Bravo manufactures, markets, and sells a 3-D "Fire Dept." bell, pictured below (right) next to Guardian's "Fire" bell (left). Guardian's "Fire" bell (Copyright registration number VAu599-336 (2003) – Service Bell Collection ) features a fire hydrant with a pumper nozzle on each side of the hydrant along with a "Fire Dept." logo in the shape of a Maltese cross. The terms "Fire" and "Dept." are on the top and bottom of the cross, respectively. The hydrant cap and barrel contain vertical grooves.

 

40.     Bravo has copied Guardian's copyright-protected design, without permission, producing its own unauthorized copy of Guardian's "Fire" bell. Bravo's copy of the bell features a fire hydrant with a pumper nozzle on either side of the hydrant along with a "Fire Dept." logo in the shape of a Maltese cross on the front on the hydrant, which has vertical grooves on the cap and barrel. The terms "Fire" and "Dept." are on the top and bottom of the cross, respectively.

41.     Biker bells depicting a fire department logo have been produced by Guardian's competitors with sufficient variation not to infringe on Guardian's copyright, unlike Bravo. For example, "All American Gremlin Bells" sells a "Firefighter Gremlin Bell" that is shaped like a bell and features a fire department logo in the shape of a Maltese cross (available at https://gremlin-bells.com/index.php?main_page=product_info&products_id=5) . In addition to the term "Fire Dept," the logo features images of a ladder, helmet, and hydrant. Unlike Bravo's, this design has sufficiently distinct features so as not to infringe on Guardian's copyright design or create consumer confusion.



42.    Bravo manufactures, markets, and sells the "Celtic Band" bell, pictured below (right) next to Guardian's "Celtic" bell (left).  Guardian's "Celtic" bell (Copyright registration number VAu683-673 (2006)) features a Celtic knot that circles the bell along with a thick border on the top and bottom of the Celtic knot pattern.



43.    Bravo has copied Guardian's copyright-protected design, without permission, producing its own unauthorized copy of Guardian's "Celtic" bell.  Bravo's unauthorized copy,

the "Celtic Band Bell," features a Celtic knot that circles the bell along with a thick border on the

top and bottom of the Celtic knot pattern.

44.      Bravo manufactures, markets, and sells the "Bud Leaf" bell, pictured below

(right) next to Guardian's "Pot Leaf" bell (left).  Guardian's "Pot Leaf" bell (Copyright

registration number VAu 1-110-921 (2012)) features a cannabis leaf that sits upright with seven

leaflets, each of which has a stem running through the center of the leaflet.  The leaf contains a

thick stem with a rounded base.



45.      Bravo has copied Guardian's copyright-protected design, without permission,

producing its own unauthorized copy of Guardian's "Bud Leaf" bell.  Bravo's "Pot Leaf" bell

features a cannabis leaf that sits upright with seven leaflets, each of which has a stem running

through the center of the leaflet, that connects to a thick stem with a rounded base.

46.      Biker bells depicting a cannabis leaf have been produced by Guardian's

competitors with sufficient variation not to infringe on Guardian's copyright, unlike Bravo.  For

example, "American Legend Rider" sells a "stainless steel pot leaf gremlin bell" that features a

cannabis leaf with nine leaflets, encased within a circle (available at

https://americanlegendrider.com/products/stainless-steel-pot-leaf-gremlin-bell-pendant.)  The

space between the cannabis leaf and the ring is blackened.  Additionally, the bottom of the bell

has flames. Unlike Bravo's, this design has sufficiently distinct features so as not to infringe on

Guardian's copyright design or create consumer confusion.



47.    Bravo manufactures, markets, and sells the "Canadian Flag" bell, pictured below

(right) next to Guardian's "Maple Leaf" bell (left). Guardian's "Maple Leaf" bell (Copyright

registration number VAu754-913 (2007)) features a maple leaf that contains three individual

leaves and lobes with serrated edges and a V-shaped space between the leaves. Guardian's bell

contains an image of the Canadian flag that features the maple leaf on the back of the bell.



48.    Bravo has copied Guardian's copyright-protected design, without permission,

producing its own unauthorized copy of Guardian's "Maple Leaf" bell. Bravo's unauthorized

copy of the bell features a maple leaf that contains three individual leaves with serrated edges and a V-shaped space between the leaves. Although Bravo's bell does not contain an image of the Canadian flag (despite its name), Bravo's "Canadian Flag" bell showcases a maple leaf, Canada's national symbol, which has a high likelihood of causing consumer confusion.

49.     Bravo manufactures, markets, and sells the "Route 66" bell, pictured below (right) next to Guardian's bell of the same name (left). Guardian's "Route 66" bell (Copyright registration number VAu1050589 (2010)) features a shield-shaped "Route 66" route marker on the front of the bell.



50.     Bravo has copied Guardian's copyright-protected design, without permission, producing its own unauthorized copy of Guardian's "Route 66" bell. Bravo's copy of the "Route 66" bell, features a shield-shaped "Route 66" route marker on the front. Bravo's bell uses the same name as Guardian's bell, which has a high likelihood of causing consumer confusion.

51.     The materials and bells provided, marketed and sold by Bravo described in Paragraphs 13 to 50 are hereinafter referred to as "Infringing Works".

52.     On November 18, 2021, Plaintiff's counsel sent a cease and desist letter to Defendants informing them of their copyright infringement of the Infringing Works and demanding that Defendants' cease sales of the Infringing Works. (See attached EXHIBIT C.)

53.     On January 18, 2022, Defendants responded to Plaintiff's letter refusing to cease their willful acts of copyright infringement. (See attached EXHIBIT D.)

54.     On March 21, 2022, Plaintiff, through its counsel, replied to Defendant through another letter in which Defendant is informed that their positions on the fact and law are incorrect, while also offering to compromise with another settlement offer to avoid litigation. (See attached EXHIBIT E.)

55.     After ignoring Plaintiff's settlement offer for weeks, Defendant engaged in a blatant act of forum shopping on April 14, 2022, by filing a declaratory relief action in the Southern District of California (Case No. 3:22-cv-00520) in an attempt to force Plaintiff to litigate on Defendant's home turf before Plaintiff could file this complaint to recover damages.

56.     On information and belief, Defendant's filing and forum shopping is another continuing act of bad faith just like their blatant copying of the bells, and use of Guardian's trademarks and trade dress, and Defendant's filed complaint will be subject to a motion to dismiss in favor of the action filed herein.

**COUNT I**

**(Copyright Infringement of Eagle Magnum Bell Reg. no. '207)**

**(Against All Defendants)**

57.     Guardian hereby repeats and realleges all preceding paragraphs of this complaint against all Defendants as if fully set forth herein.

58.     The copyrighted "Eagle Head" bell comprises, in whole or in part, wholly original works of authorship that are copyrightable subject matter under the copyright laws of the U.S., 17 U.S.C. §§ 101, et seq.

59.     The "Eagle head" bell is a registered copyright with the U.S. Copyright Office, Reg. No. VA0001193207.

60.     On information and belief, Bravo manufactured, marketed, sold, and shipped their own "Eagle Head" bell that unlawfully copies the copyrighted design of Guardian's "Eagle Head" bell without having the license or any right to do so.

61.     Bravo's unlawful conduct constitutes direct and indirect infringement of Guardian's exclusive rights in the "Eagle Head" bell's Copyrights, including without limitation rights under 17 U.S.C. § 106.

62.     Upon information and belief, as a direct and proximate result of Bravo's wrongful conduct, Bravo has realized and continue to realize profits and other benefits rightfully belonging to Guardian.

63.     Upon information and belief, Bravo's infringement of Guardian's copyrights is willful and deliberate and it has profited at the expense of Guardian.

64.     As a direct and proximate result of Bravo's infringement of Guardian's copyrights and exclusive rights in the Copyrighted Work, Guardian is entitled to recover its actual damages resulting from Bravo's use of the Copyrighted Work without paying license fees, in an amount to be proven at trial.

65.     At Guardian's election, pursuant to 17 U.S.C. § 504(b), Guardian shall be entitled to recover damages based on a disgorgement of Bravo's profits from infringement of the Copyrighted Work, which amounts will be proven at trial.

66.    In the alternative, and at Guardian's election, Guardian is entitled to maximum statutory damages, pursuant to 17 U.S.C. § 504(c), in the amount of $150,000 with respect to the infringing reproduction, distribution, and public display of the Copyrighted Work by Bravo, or such other amounts as may be proper under 17 U.S.C. § 504(c).

67.    Guardian is entitled to its costs, including reasonable attorneys' fees, pursuant to 17 U.S.C. § 505.

68.    Bravo's conduct has caused, and any continued infringing conduct will continue to cause, irreparable injury to Guardian unless enjoined by this Court. Guardian has no adequate remedy at law. Pursuant to 17 U.S.C. § 502, Guardian is entitled to a permanent injunction prohibiting infringement of Guardian's exclusive rights under copyright law.

## COUNT II

### (Copyright Infringement of "Ride It Like You Stole It" Bell, Reg. no. '981)

### (Against All Defendants)

69.    Guardian hereby repeats and realleges all preceding paragraphs of this complaint against all Defendants as if fully set forth herein.

70.    The copyrighted "Ride It Like You Stole It" bell comprises, in whole or in part, wholly original works of authorship that are copyrightable subject matter under the copyright laws of the United States, 17 U.S.C. §§ 101, et seq.

71.    The "Ride It Like You Stole It" bell is a registered copyright with the U.S. Copyright Office, Reg. No. VAu742981.

72.    On information and belief, Bravo manufactured, marketed, sold, and shipped its own "Ride It Like You Stole It" bell that unlawfully copies the copyrighted

design of Guardian's "Ride It Like You Stole It" bell without having the license or any right to do so.

73.     Bravo's unlawful conduct constitutes direct and indirect infringement of Guardian's exclusive rights in the "Ride It Like You Stole It" bell's Copyrights, including without limitation rights under 17 U.S.C. § 106.

74.     Upon information and belief, as a direct and proximate result of Bravo's wrongful conduct, Bravo has realized and continues to realize profits and other benefits rightfully belonging to Guardian.

75.     Upon information and belief, Bravo's infringement of Guardian's copyrights is willful and deliberate and it has profited at the expense of Guardian.

76.     As a direct and proximate result of Bravo's infringement of Guardian's copyrights and exclusive rights in the Copyrighted Work, Guardian is entitled to recover its actual damages resulting from Bravo's use of the Copyrighted Work without paying license fees, in an amount to be proven at trial.

77.     At Guardian's election, pursuant to 17 U.S.C. § 504(b), Guardian shall be entitled to recover damages based on a disgorgement of Bravo's profits from infringement of the Copyrighted Work, which amounts will be proven at trial.

78.     In the alternative, and at Guardian's election, Guardian is entitled to maximum statutory damages, pursuant to 17 U.S.C. § 504(c), in the amount of $150,000 with respect to the infringing reproduction, distribution, and public display of the Copyrighted Work by Bravo, or such other amounts as may be proper under 17 U.S.C. § 504(c).

79.     Guardian is entitled to its costs, including reasonable attorneys' fees, pursuant to 17 U.S.C. § 505.

80.     Bravo's conduct has caused, and any continued infringing conduct will continue to cause, irreparable injury to Guardian unless enjoined by this Court. Guardian has no adequate remedy at law. Pursuant to 17 U.S.C. § 502, Guardian is entitled to a permanent injunction prohibiting infringement of Guardian's exclusive rights under copyright law.

**COUNT III**

**(Copyright Infringement of Cruiser Bell Reg. nos. '527 and '058)**

**(Against All Defendants)**

81.     Guardian hereby repeats and realleges all preceding paragraphs of this complaint against all Defendants as if fully set forth herein.

82.     The copyrighted "Cruiser" bell comprises, in whole or in part, wholly original works of authorship that are copyrightable subject matter under the copyright laws of the U.S., 17 U.S.C. §§ 101, et seq.

83.     The "Cruiser" bell is a registered copyright with the U.S. Copyright Office, Reg. Nos. VAu988527 and VAu984058.

84.     On information and belief, Bravo manufactured, marketed, sold, and shipped its own nearly identical "Cruiser" bell under the name "Motorcycle" bell that unlawfully copies the copyrighted design of Guardian's Cruiser without having the license or any right to do so.

85.     Bravo's unlawful conduct constitutes direct and indirect infringement of Guardian's exclusive rights in the Cruiser bell's Copyrights, including without limitation rights under 17 U.S.C. § 106.

86.     Upon information and belief, as a direct and proximate result of Bravo's wrongful conduct, Bravo has realized and continue to realize profits and other benefits rightfully belonging to Guardian.

87.     Upon information and belief, Bravo's infringement of Guardian's copyrights is willful and deliberate and it has profited at the expense of Guardian.

88.     As a direct and proximate result of Bravo's infringement of Guardian's copyrights and exclusive rights in the Copyrighted Work, Guardian is entitled to recover its actual damages resulting from Bravo's use of the Copyrighted Work without paying license fees, in an amount to be proven at trial.

89.     At Guardian's election, pursuant to 17 U.S.C. § 504(b), Guardian shall be entitled to recover damages based on a disgorgement of Bravo's profits from infringement of the Copyrighted Work, which amounts will be proven at trial.

90.     In the alternative, and at Guardian's election, Guardian is entitled to maximum statutory damages, pursuant to 17 U.S.C. § 504(c), in the amount of $150,000 with respect to the infringing reproduction, distribution, and public display of the Copyrighted Work by Bravo, or such other amounts as may be proper under 17 U.S.C. § 504(c).

91.     Guardian is entitled to its costs, including reasonable attorneys' fees, pursuant to 17 U.S.C. § 505.

92.     Bravo's conduct has caused, and any continued infringing conduct will continue to cause, irreparable injury to Guardian unless enjoined by this Court. Guardian has no adequate remedy at law. Pursuant to 17 U.S.C. § 502, Guardian is entitled to a permanent injunction prohibiting infringement of Guardian's exclusive rights under copyright law.

## COUNT IV

### (Copyright Infringement of "VIRGIN MARY" Reg. no. '090)

### (Against All Defendants)

93.     Guardian hereby repeats and realleges all preceding paragraphs of this complaint against all Defendants as if fully set forth herein.

94.     The copyrighted "VIRGIN MARY" bell comprises, in whole or in part, wholly original works of authorship that are copyrightable subject matter under the copyright laws of the U.S., 17 U.S.C. §§ 101, et seq.

95.     The "VIRGIN MARY" bell is a registered copyright with the U.S. Copyright Office, Reg. No. VAu1053090.

96.     On information and belief, Bravo manufactured, marketed, sold, and shipped an infringing product, its own "VIRGIN MARY" bell that unlawfully copies the copyrighted design of Guardian's "VIRGIN MARY" bell without having the license or any right to do so.

97.     Bravo's unlawful conduct constitutes direct and indirect infringement of Guardian's exclusive rights in the protected work herein, it's Copyrights, including without limitation rights under 17 U.S.C. § 106.

98.     Upon information and belief, as a direct and proximate result of Bravo's wrongful conduct, Bravo has realized and continue to realize profits and other benefits rightfully belonging to Guardian.

99.     Upon information and belief, Bravo's infringement of Guardian's copyrights is willful and deliberate and it has profited at the expense of Guardian.

100.     As a direct and proximate result of Bravo's infringement of Guardian's copyrights and exclusive rights in the Copyrighted Work, Guardian is entitled to recover its actual damages

resulting from Bravo's use of the Copyrighted Work without paying license fees, in an amount to be proven at trial.

101.    At Guardian's election, pursuant to 17 U.S.C. § 504(b), Guardian shall be entitled to recover damages based on a disgorgement of Bravo's profits from infringement of the Copyrighted Work, which amounts will be proven at trial.

102.    In the alternative, and at Guardian's election, Guardian is entitled to maximum statutory damages, pursuant to 17 U.S.C. § 504(c), in the amount of $150,000 with respect to the infringing reproduction, distribution, and public display of the Copyrighted Work by Bravo, or such other amounts as may be proper under 17 U.S.C. § 504(c).

103.    Guardian is entitled to its costs, including reasonable attorneys' fees, pursuant to 17 U.S.C. § 505.

104.    Bravo's conduct has caused, and any continued infringing conduct will continue to cause, irreparable injury to Guardian unless enjoined by this Court. Guardian has no adequate remedy at law. Pursuant to 17 U.S.C. § 502, Guardian is entitled to a permanent injunction prohibiting infringement of Guardian's exclusive rights under copyright law.

## COUNT V

### (Copyright Infringement of "V TWIN ENGINE" Reg. no. '209)

### (Against All Defendants)

105.    Guardian hereby repeats and realleges all preceding paragraphs of this complaint against all Defendants as if fully set forth herein.

106.    The copyrighted "V Twin Engine" bell comprises, in whole or in part, wholly original works of authorship that are copyrightable subject matter under the copyright laws of the U.S., 17 U.S.C. §§ 101, et seq.

107.    The "V Twin Engine" bell is a registered copyright with the U.S. Copyright Office, Reg. No. VAu1193209.

108.    On information and belief, Bravo manufactured, marketed, sold, and shipped an infringing product, a "Motorcycle Engine" bell that unlawfully copies the copyrighted design of Guardian's copyrighted "V Twin Engine" bell design without having the license or any right to do so.

109.    Bravo's unlawful conduct constitutes direct and indirect infringement of Guardian's exclusive rights in the protected work herein, it's Copyrights, including without limitation rights under 17 U.S.C. § 106.

110.    Upon information and belief, as a direct and proximate result of Bravo's wrongful conduct, Bravo has realized and continue to realize profits and other benefits rightfully belonging to Guardian.

111.    Upon information and belief, Bravo's infringement of Guardian's copyrights is willful and deliberate and it has profited at the expense of Guardian.

112.    As a direct and proximate result of Bravo's infringement of Guardian's copyrights and exclusive rights in the Copyrighted Work, Guardian is entitled to recover its actual damages resulting from Bravo's use of the Copyrighted Work without paying license fees, in an amount to be proven at trial.

113.    At Guardian's election, pursuant to 17 U.S.C. § 504(b), Guardian shall be entitled to recover damages based on a disgorgement of Bravo's profits from infringement of the Copyrighted Work, which amounts will be proven at trial.

114.    In the alternative, and at Guardian's election, Guardian is entitled to maximum statutory damages, pursuant to 17 U.S.C. § 504(c), in the amount of $150,000 with respect to the

infringing reproduction, distribution, and public display of the Copyrighted Work by Bravo, or such other amounts as may be proper under 17 U.S.C. § 504(c).

115.    Guardian is entitled to its costs, including reasonable attorneys' fees, pursuant to 17 U.S.C. § 505.

116.    Bravo's conduct has caused, and any continued infringing conduct will continue to cause, irreparable injury to Guardian unless enjoined by this Court. Guardian has no adequate remedy at law. Pursuant to 17 U.S.C. § 502, Guardian is entitled to a permanent injunction prohibiting infringement of Guardian's exclusive rights under copyright law.

### COUNT VI

### (Copyright Infringement of "BALD EAGLE WITH FLAG" Reg. no. '957)

### (Against All Defendants)

117.    Guardian hereby repeats and realleges all preceding paragraphs of this complaint against all Defendants as if fully set forth herein.

118.    The copyrighted "BALD EAGLE WITH FLAG" bell comprises, in whole or in part, wholly original works of authorship that are copyrightable subject matter under the copyright laws of the U.S., 17 U.S.C. §§ 101, et seq.

119.    The "BALD EAGLE WITH FLAG" bell is a registered copyright with the U.S. Copyright Office, Reg. No. VAU1261957.

120.    On information and belief, Bravo manufactured, marketed, sold, and shipped an infringing product, named the "US Flag Eagle" bell that unlawfully copies the copyrighted design of Guardian's copyrighted "BALD EAGLE WITH FLAG" bell design without having the license or any right to do so.

121.    Bravo's unlawful conduct constitutes direct and indirect infringement of Guardian's exclusive rights in the protected work herein, it's Copyrights, including without limitation rights under 17 U.S.C. § 106.

122.    Upon information and belief, as a direct and proximate result of Bravo's wrongful conduct, Bravo has realized and continue to realize profits and other benefits rightfully belonging to Guardian.

123.    Upon information and belief, Bravo's infringement of Guardian's copyrights is willful and deliberate and it has profited at the expense of Guardian.

124.    As a direct and proximate result of Bravo's infringement of Guardian's copyrights and exclusive rights in the Copyrighted Work, Guardian is entitled to recover its actual damages resulting from Bravo's use of the Copyrighted Work without paying license fees, in an amount to be proven at trial.

125.    At Guardian's election, pursuant to 17 U.S.C. § 504(b), Guardian shall be entitled to recover damages based on a disgorgement of Bravo's profits from infringement of the Copyrighted Work, which amounts will be proven at trial.

126.    In the alternative, and at Guardian's election, Guardian is entitled to maximum statutory damages, pursuant to 17 U.S.C. § 504(c), in the amount of $150,000 with respect to the infringing reproduction, distribution, and public display of the Copyrighted Work by Bravo, or such other amounts as may be proper under 17 U.S.C. § 504(c).

127.    Guardian is entitled to its costs, including reasonable attorneys' fees, pursuant to 17 U.S.C. § 505.

128.    Bravo's conduct has caused, and any continued infringing conduct will continue to cause, irreparable injury to Guardian unless enjoined by this Court. Guardian has no adequate

remedy at law. Pursuant to 17 U.S.C. § 502, Guardian is entitled to a permanent injunction prohibiting infringement of Guardian's exclusive rights under copyright law.

## COUNT VII

### (Copyright Infringement of "FLAME" bell Reg. no. '184)

### (Against All Defendants)

129.     Guardian hereby repeats and realleges all preceding paragraphs of this complaint against all Defendants as if fully set forth herein.

130.     The copyrighted "FLAME" bell comprises, in whole or in part, wholly original works of authorship that are copyrightable subject matter under the copyright laws of the U.S., 17 U.S.C. §§ 101, et seq.

131.     The "FLAME" bell is a registered copyright with the U.S. Copyright Office, Reg. No. VA0001322184.

132.     On information and belief, Bravo manufactured, marketed, sold, and shipped their own "Flame Bell" that unlawfully copies the copyrighted design of Guardian's "FLAME" bell without having the license or any right to do so.

133.     Bravo's unlawful conduct constitutes direct and indirect infringement of Guardian's exclusive rights in the "FLAME" bell's Copyrights, including without limitation rights under 17 U.S.C. § 106.

134.     Upon information and belief, as a direct and proximate result of Bravo's wrongful conduct, Bravo has realized and continue to realize profits and other benefits rightfully belonging to Guardian.

135.     Upon information and belief, Bravo's infringement of Guardian's copyrights is willful and deliberate and it has profited at the expense of Guardian.

136.    As a direct and proximate result of Bravo's infringement of Guardian's copyrights and exclusive rights in the Copyrighted Work, Guardian is entitled to recover its actual damages resulting from Bravo's use of the Copyrighted Work without paying license fees, in an amount to be proven at trial.

137.    At Guardian's election, pursuant to 17 U.S.C. § 504(b), Guardian shall be entitled to recover damages based on a disgorgement of Bravo's profits from infringement of the Copyrighted Work, which amounts will be proven at trial.

138.    In the alternative, and at Guardian's election, Guardian is entitled to maximum statutory damages, pursuant to 17 U.S.C. § 504(c), in the amount of $150,000 with respect to the infringing reproduction, distribution, and public display of the Copyrighted Work by Bravo, or such other amounts as may be proper under 17 U.S.C. § 504(c).

139.    Guardian is entitled to its costs, including reasonable attorneys' fees, pursuant to 17 U.S.C. § 505.

140.    Bravo's conduct has caused, and any continued infringing conduct will continue to cause, irreparable injury to Guardian unless enjoined by this Court. Guardian has no adequate remedy at law. Pursuant to 17 U.S.C. § 502, Guardian is entitled to a permanent injunction prohibiting infringement of Guardian's exclusive rights under copyright law.

## COUNT VIII

### (Copyright Infringement of "Fire" bell Reg. no. '336)

### (Against All Defendants)

141.    Guardian hereby repeats and realleges all preceding paragraphs of this complaint against all Defendants as if fully set forth herein.

142.    The copyrighted "Fire" bell comprises, in whole or in part, wholly original works of authorship that are copyrightable subject matter under the copyright laws of the U.S., 17 U.S.C. §§ 101, et seq.

143.    The "Fire" bell is a registered copyright with the U.S. Copyright Office, Reg. No. VAu599336.

144.    On information and belief, Bravo manufactured, marketed, sold, and shipped their own "Fire Dept. Bell" that unlawfully copies the copyrighted design of Guardian's "Fire" bell without having the license or any right to do so.

145.    Bravo's unlawful conduct constitutes direct and indirect infringement of Guardian's exclusive rights in the "Fire" bell's Copyrights, including without limitation rights under 17 U.S.C. § 106.

146.    Upon information and belief, as a direct and proximate result of Bravo's wrongful conduct, Bravo has realized and continue to realize profits and other benefits rightfully belonging to Guardian.

147.    Upon information and belief, Bravo's infringement of Guardian's copyrights is willful and deliberate and it has profited at the expense of Guardian.

148.    As a direct and proximate result of Bravo's infringement of Guardian's copyrights and exclusive rights in the Copyrighted Work, Guardian is entitled to recover its actual damages resulting from Bravo's use of the Copyrighted Work without paying license fees, in an amount to be proven at trial.

149.    At Guardian's election, pursuant to 17 U.S.C. § 504(b), Guardian shall be entitled to recover damages based on a disgorgement of Bravo's profits from infringement of the Copyrighted Work, which amounts will be proven at trial.

150.    In the alternative, and at Guardian's election, Guardian is entitled to maximum statutory damages, pursuant to 17 U.S.C. § 504(c), in the amount of $150,000 with respect to the infringing reproduction, distribution, and public display of the Copyrighted Work by Bravo, or such other amounts as may be proper under 17 U.S.C. § 504(c).

151.    Guardian is entitled to its costs, including reasonable attorneys' fees, pursuant to 17 U.S.C. § 505.

152.    Bravo's conduct has caused, and any continued infringing conduct will continue to cause, irreparable injury to Guardian unless enjoined by this Court. Guardian has no adequate remedy at law. Pursuant to 17 U.S.C. § 502, Guardian is entitled to a permanent injunction prohibiting infringement of Guardian's exclusive rights under copyright law.

## COUNT IX

### (Copyright Infringement of "Celtic" bell Reg. no. '901)

### (Against All Defendants)

153.    Guardian hereby repeats and realleges all preceding paragraphs of this complaint against all Defendants as if fully set forth herein.

154.    The copyrighted "Celtic" bell comprises, in whole or in part, wholly original works of authorship that are copyrightable subject matter under the copyright laws of the U.S., 17 U.S.C. §§ 101, et seq.

155.    The "Celtic" bell is a registered copyright with the U.S. Copyright Office, Reg. No. VAu683-673.

156.    On information and belief, Bravo manufactured, marketed, sold, and shipped their own "Celtic Band" bell that unlawfully copies the copyrighted design of Guardian's "Celtic" bell without having the license or any right to do so.

157.    Bravo's unlawful conduct constitutes direct and indirect infringement of Guardian's exclusive rights in the "Celtic" bell's Copyrights, including without limitation rights under 17 U.S.C. § 106.

158.    Upon information and belief, as a direct and proximate result of Bravo's wrongful conduct, Bravo has realized and continue to realize profits and other benefits rightfully belonging to Guardian.

159.    Upon information and belief, Bravo's infringement of Guardian's copyrights is willful and deliberate and it has profited at the expense of Guardian.

160.    As a direct and proximate result of Bravo's infringement of Guardian's copyrights and exclusive rights in the Copyrighted Work, Guardian is entitled to recover its actual damages resulting from Bravo's use of the Copyrighted Work without paying license fees, in an amount to be proven at trial.

161.    At Guardian's election, pursuant to 17 U.S.C. § 504(b), Guardian shall be entitled to recover damages based on a disgorgement of Bravo's profits from infringement of the Copyrighted Work, which amounts will be proven at trial.

162.    In the alternative, and at Guardian's election, Guardian is entitled to maximum statutory damages, pursuant to 17 U.S.C. § 504(c), in the amount of $150,000 with respect to the infringing reproduction, distribution, and public display of the Copyrighted Work by Bravo, or such other amounts as may be proper under 17 U.S.C. § 504(c).

163.    Guardian is entitled to its costs, including reasonable attorneys' fees, pursuant to 17 U.S.C. § 505.

164.    Bravo's conduct has caused, and any continued infringing conduct will continue to cause, irreparable injury to Guardian unless enjoined by this Court. Guardian has no adequate

38

remedy at law. Pursuant to 17 U.S.C. § 502, Guardian is entitled to a permanent injunction prohibiting infringement of Guardian's exclusive rights under copyright law.

## COUNT X

### (Copyright Infringement of "Pot Leaf" bell Reg. no. '921)

### (Against All Defendants)

165.    Guardian hereby repeats and realleges all preceding paragraphs of this complaint against all Defendants as if fully set forth herein.

166.    The "Pot Leaf" bell is a registered copyright with the U.S. Copyright Office, Reg. No. VAu1110921.

167.    The copyrighted "Pot Leaf" bell comprises, in whole or in part, wholly original works of authorship that are copyrightable subject matter under the copyright laws of the U.S., 17 U.S.C. §§ 101, et seq.

168.    On information and belief, Bravo manufactured, marketed, sold, and shipped their own "Bud Leaf Bell" that unlawfully copies the copyrighted design of Guardian's "Pot Leaf" bell without having the license or any right to do so.

169.    Bravo's unlawful conduct constitutes direct and indirect infringement of Guardian's exclusive rights in the "Pot Leaf" bell's Copyrights, including without limitation rights under 17 U.S.C. § 106.

170.    Upon information and belief, as a direct and proximate result of Bravo's wrongful conduct, Bravo has realized and continue to realize profits and other benefits rightfully belonging to Guardian.

171.    Upon information and belief, Bravo's infringement of Guardian's copyrights is willful and deliberate and it has profited at the expense of Guardian.

172.    As a direct and proximate result of Bravo's infringement of Guardian's copyrights and exclusive rights in the Copyrighted Work, Guardian is entitled to recover its actual damages resulting from Bravo's use of the Copyrighted Work without paying license fees, in an amount to be proven at trial.

173.    At Guardian's election, pursuant to 17 U.S.C. § 504(b), Guardian shall be entitled to recover damages based on a disgorgement of Bravo's profits from infringement of the Copyrighted Work, which amounts will be proven at trial.

174.    In the alternative, and at Guardian's election, Guardian is entitled to maximum statutory damages, pursuant to 17 U.S.C. § 504(c), in the amount of $150,000 with respect to the infringing reproduction, distribution, and public display of the Copyrighted Work by Bravo, or such other amounts as may be proper under 17 U.S.C. § 504(c).

175.    Guardian is entitled to its costs, including reasonable attorneys' fees, pursuant to 17 U.S.C. § 505.

176.    Bravo's conduct has caused, and any continued infringing conduct will continue to cause, irreparable injury to Guardian unless enjoined by this Court. Guardian has no adequate remedy at law. Pursuant to 17 U.S.C. § 502, Guardian is entitled to a permanent injunction prohibiting infringement of Guardian's exclusive rights under copyright law.

## COUNT XI

### (Copyright Infringement of "Maple Leaf" bell Reg. no. '913)

### (Against All Defendants)

177.    Guardian hereby repeats and realleges all preceding paragraphs of this complaint against all Defendants as if fully set forth herein.

178. The copyrighted "Maple Leaf" bell comprises, in whole or in part, wholly original works of authorship that are copyrightable subject matter under the copyright laws of the U.S., 17 U.S.C. §§ 101, et seq.

179. The "Maple Leaf" bell is a registered copyright with the U.S. Copyright Office, Reg. No. VAU754913.

180. On information and belief, Bravo manufactured, marketed, sold, and shipped their own "Canadian Flag Bell" that unlawfully copies the copyrighted design of Guardian's "Maple Leaf" bell without having the license or any right to do so.

181. Bravo's unlawful conduct constitutes direct and indirect infringement of Guardian's exclusive rights in the "Maple Leaf" bell's Copyrights, including without limitation rights under 17 U.S.C. § 106.

182. Upon information and belief, as a direct and proximate result of Bravo's wrongful conduct, Bravo has realized and continue to realize profits and other benefits rightfully belonging to Guardian.

183. Upon information and belief, Bravo's infringement of Guardian's copyrights is willful and deliberate and it has profited at the expense of Guardian.

184. As a direct and proximate result of Bravo's infringement of Guardian's copyrights and exclusive rights in the Copyrighted Work, Guardian is entitled to recover its actual damages resulting from Bravo's use of the Copyrighted Work without paying license fees, in an amount to be proven at trial.

185. At Guardian's election, pursuant to 17 U.S.C. § 504(b), Guardian shall be entitled to recover damages based on a disgorgement of Bravo's profits from infringement of the Copyrighted Work, which amounts will be proven at trial.

186.    In the alternative, and at Guardian's election, Guardian is entitled to maximum statutory damages, pursuant to 17 U.S.C. § 504(c), in the amount of $150,000 with respect to the infringing reproduction, distribution, and public display of the Copyrighted Work by Bravo, or such other amounts as may be proper under 17 U.S.C. § 504(c).

187.    Guardian is entitled to its costs, including reasonable attorneys' fees, pursuant to 17 U.S.C. § 505.

188.    Bravo's conduct has caused, and any continued infringing conduct will continue to cause, irreparable injury to Guardian unless enjoined by this Court. Guardian has no adequate remedy at law. Pursuant to 17 U.S.C. § 502, Guardian is entitled to a permanent injunction prohibiting infringement of Guardian's exclusive rights under copyright law.

## COUNT XII

### (Copyright Infringement of "Route 66" bell Reg. no. '589)

### (Against All Defendants)

189.    Guardian hereby repeats and realleges all preceding paragraphs of this complaint against all Defendants as if fully set forth herein.

190.    The copyrighted "Route 66" bell comprises, in whole or in part, wholly original works of authorship that are copyrightable subject matter under the copyright laws of the U.S., 17 U.S.C. §§ 101, et seq.

191.    The "Route 66" bell is a registered copyright with the U.S. Copyright Office, Reg. No. VAU1050589.

192.    On information and belief, Bravo manufactured, marketed, sold, and shipped their own "Route 66" bell that unlawfully copies the copyrighted design of Guardian's "Route 66" bell without having the license or any right to do so.

193.     Bravo's unlawful conduct constitutes direct and indirect infringement of Guardian's exclusive rights in the "Route 66" bell's Copyrights, including without limitation rights under 17 U.S.C. § 106.

194.     Upon information and belief, as a direct and proximate result of Bravo's wrongful conduct, Bravo has realized and continue to realize profits and other benefits rightfully belonging to Guardian.

195.     Upon information and belief, Bravo's infringement of Guardian's copyrights is willful and deliberate and it has profited at the expense of Guardian.

196.     As a direct and proximate result of Bravo's infringement of Guardian's copyrights and exclusive rights in the Copyrighted Work, Guardian is entitled to recover its actual damages resulting from Bravo's use of the Copyrighted Work without paying license fees, in an amount to be proven at trial.

197.     At Guardian's election, pursuant to 17 U.S.C. § 504(b), Guardian shall be entitled to recover damages based on a disgorgement of Bravo's profits from infringement of the Copyrighted Work, which amounts will be proven at trial.

198.     In the alternative, and at Guardian's election, Guardian is entitled to maximum statutory damages, pursuant to 17 U.S.C. § 504(c), in the amount of $150,000 with respect to the infringing reproduction, distribution, and public display of the Copyrighted Work by Bravo, or such other amounts as may be proper under 17 U.S.C. § 504(c).

199.     Guardian is entitled to its costs, including reasonable attorneys' fees, pursuant to 17 U.S.C. § 505.

200.     Bravo's conduct has caused, and any continued infringing conduct will continue to cause, irreparable injury to Guardian unless enjoined by this Court. Guardian has no adequate

remedy at law. Pursuant to 17 U.S.C. § 502, Guardian is entitled to a permanent injunction prohibiting infringement of Guardian's exclusive rights under copyright law.

## COUNT XIII

### (Copyright Infringement of "LEGEND")

### (Against All Defendants)

201.    Guardian hereby repeats and realleges all preceding paragraphs of this complaint against all Defendants as if fully set forth herein.

202.    The copyrighted "LEGEND" insert comprises, in whole or in part, wholly original works of authorship that are copyrightable subject matter under the copyright laws of the U.S., 17 U.S.C. §§ 101, et seq.

203.    On information and belief, Bravo manufactured, marketed, sold, and shipped their own "LEGEND" insert that unlawfully copies the copyrighted work of Guardian's "LEGEND" insert without having the license or any right to do so.

204.    Bravo's unlawful conduct constitutes direct and indirect infringement of Guardian's exclusive rights in the "LEGEND" copyrighted work, including without limitation rights under 17 U.S.C. § 106.

205.    Upon information and belief, as a direct and proximate result of Bravo's wrongful conduct, Bravo has realized and continue to realize profits and other benefits rightfully belonging to Guardian.

206.    Upon information and belief, Bravo's infringement of Guardian's copyrighted work is willful and deliberate and it has profited at the expense of Guardian.

207.    As a direct and proximate result of Bravo's infringement of Guardian's copyrighted work and exclusive rights therein, Guardian is entitled to recover its actual damages

resulting from Bravo's use of the copyrighted work without paying license fees, in an amount to be proven at trial.

208.     At Guardian's election, pursuant to 17 U.S.C. § 504(b), Guardian shall be entitled to recover damages based on a disgorgement of Bravo's profits from infringement of the copyrighted work, which amounts will be proven at trial.

209.     In the alternative, and at Guardian's election, Guardian is entitled to maximum statutory damages, pursuant to 17 U.S.C. § 504(c), in the amount of $150,000 with respect to the infringing reproduction, distribution, and public display of the copyrighted work by Bravo, or such other amounts as may be proper under 17 U.S.C. § 504(c).

210.     Guardian is entitled to its costs, including reasonable attorneys' fees, pursuant to 17 U.S.C. § 505.

211.     Bravo's conduct has caused, and any continued infringing conduct will continue to cause, irreparable injury to Guardian unless enjoined by this Court. Guardian has no adequate remedy at law. Pursuant to 17 U.S.C. § 502, Guardian is entitled to a permanent injunction prohibiting infringement of Guardian's exclusive rights under copyright law.

## COUNT XIV

### (Violation of the Connecticut Unfair Trade Practices Act)

### (Against All Defendants)

212.     Guardian hereby repeats and realleges all preceding paragraphs of this complaint against all Defendants as if fully set forth herein.

213.     By engaging in the acts alleged above, Bravo has willfully and maliciously engaged in conduct offensive to public policy, governing statutes, common law principles, and established concepts of fairness.

214.     On information and belief, Bravo's willful and malicious conduct was and is immoral, unethical, oppressive, and unscrupulous.

215.     On information and belief, Bravo's conduct has caused and will continue to cause substantial injury to Guardian and to the public interest.  Bravo committed such acts, and continue to commit such acts, in the conduct of trade or commerce.

216.     Guardian has suffered, and if Bravo is not enjoined will continue to suffer, an ascertainable loss of money or property as a result of Bravo' actions.

217.     By virtue of the conduct above, Bravo has engaged in unfair competition and unfair or deceptive acts or practices in the conduct of trade or commerce in violation of the Connecticut Unfair Trade Practices Act, Conn. Gen. Stat. § 42-110a, et seq.

**COUNT XV**

**(Common Law Trademark Infringement)**

**(Against All Defendants)**

218.     Guardian hereby repeats and realleges all preceding paragraphs of this complaint against all Defendants as if fully set forth herein.

219.     This cause of action for infringement arises under the common law of the State of Connecticut per Conn. Gen. Stat. Volume 10, Title 35, Chapter 621a et seq.

220.     Upon information and belief, the aforementioned infringing bells sold by Bravo are packaged in the same way in the same drawstring black velvet pouch and include a substantially similar legend on a similar small paper insert which infringes Guardian's trademark and trade dress rights (hereinafter the "Guardian Marks") and causes consumer confusion.

221.    Plaintiff does not consent to and has never consented to or authorized Defendants' use of the Guardian Marks and receives no compensation or profit from Defendants' sales of infringing products and services.

222.    Defendants have caused and are continuing to cause to be distributed into interstate commerce their bell products which copy, imitate and infringe upon Plaintiff's trademark and trade dress rights. Through such use and through such association, Plaintiff's trade dress is non-functional, has acquired a strong consumer awareness.

223.    Defendants' continued use of the Guardian Marks, has caused actual confusion, and will continue to cause likelihood of confusion or mistake, or will likely deceive the public as to Defendants' products and services being associated or identified with or being the same as those of Plaintiff.

224.    By its actions, Defendants have infringed the Guardian Marks deliberately and with the intention of wrongfully trading on the goodwill and reputation of Plaintiff.

225.    Plaintiff is entitled to an award of damages from Defendants for the loss of business and other monetary losses that Plaintiff has suffered and will continue to suffer in the future as a proximate result of Defendants' misappropriation and infringement of the Guardian Marks. Alternatively, Plaintiff is entitled to recover damages in an amount equivalent to the amount of profits that Defendant has derived and may continue to derive as a result of their unlawful misappropriation and infringement of the Guardian Marks.

226.    Defendant's unlawful conduct has been willful, deliberate, and intended to injure Plaintiff.  Therefore, Plaintiff is entitled to recovery exemplary damages from Defendants to punish and to deter future defendants and others similarly situated from engaging in similar wrongful conduct in the future.

## COUNT XVI

### (FALSE DESIGNATION OF ORIGIN (LANHAM ACT SECTION 43(a))

### (Against All Defendants)

227.    Guardian hereby repeats and realleges all preceding paragraphs of this complaint against all Defendants as if fully set forth herein.

228.    Defendants' aforementioned acts constitute direct and/or contributory trademark infringement and unfair competition in violation of the Lanham Act, 15 U.S.C. 1125(a) et seq.

229.    Plaintiff, as the exclusive U.S. owner of the Guardian Marks continues to hold the exclusive rights under United States Trademark Law, 15 USC §1125 ("The Lanham Act") to affix its distinctive trademarks to its products and services connected with the advertising and sale of its products throughout the United States.

230.    Defendants' wrongful use of the confusingly similar marks violates the Lanham Act, has unfairly competed with and injured Plaintiff and, unless immediately restrained, will continue to injure Plaintiff, causing damage to Plaintiff in an amount to be determined at trial, and will cause irreparable injury to Plaintiff's goodwill and reputation associated with the value of the Guardian Marks.

231.    Plaintiff's Guardian Marks are distinctive by virtue of their substantial inherent and acquired distinctiveness, extensive use, and the extensive advertising and publicity of the Guardian Marks.

232.    Defendants' egregious and intentional use and sale of products and services bearing confusingly similar marks unfairly competes with Plaintiff and has caused actual confusion, and is likely to continue to cause confusion, mistake, or to deceive, mislead, betray,

and defraud consumers to believe that the Defendants' products and services are affiliated with Plaintiff.

233.    Defendants' infringing acts are without Plaintiff's permission or authority and are taken in total disregard of Plaintiff's rights.

234.    As a direct and proximate result of the foregoing acts of Defendants, Plaintiff has been damaged and has suffered and will continue to suffer immediate and irreparable harm. Unless restrained by the Court, Defendants will continue to cause irreparable injury and damage to Plaintiff and to the goodwill associated with the Guardian Marks. Plaintiff is without adequate remedy at law. Plaintiff is entitled to injunctive relief prohibiting Defendants from infringing the Guardian Marks and to recover all damages, including attorney's fees, that Plaintiff has sustained and will sustain, and all gains, profits and advantages obtained by Defendants as a result of their infringing acts alleged above in an amount not yet known, as well as costs of this action.

## PRAYER FOR RELIEF

WHEREFORE, Integrity Bells, LLC d/b/a Guardian Bells, LLC ("Guardian") prays for judgment that:

1.  Guardian owns valid copyrights in the Copyrighted Works;

2.  Guardian owns valid trademarks in the Guardian Marks;

3.  Defendants are liable for each claim for relief set forth in this Complaint;

4.  Defendants have violated the Connecticut Unfair Trade Practices Act;

5.  Defendants have violated the Lanham Act;

6.  Temporarily, preliminarily, and permanently enjoins Defendants, their employees, and all persons in active concert or participation with Defendants or with any of the foregoing from: manufacturing, selling, offering for sale, displaying or authorizing

the sale of products, including the Infringing Products, containing unauthorized reproductions and use of the Copyrighted Works and the Guardian Marks;

7.  Directs Defendants to file with this Court and serve on Guardian within thirty days after the service of an injunction, a report, in writing and under oath, confirming all copies of the Infringing Works and products have been destroyed;

8.  Defendants pay Guardian statutory damages pursuant to 17 U.S.C. § 504 and15 U.S.C. § 1117 and other applicable laws for willful copyright infringement in an amount no less than $150,000 per infringed work totaling One Million Three Hundred Fifty Thousand Dollars ($1,350,000), or Defendants' profits if determined to be a greater amount determined at trial;

9.  Award Guardian its reasonable attorney's fees and costs; and

10. Such other and further relief as the Court deems appropriate.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury in this action of all issues triable by jury in this matter.

Respectfully submitted,

The Plaintiff,
INTEGRITY BELLS, LLC DBA
GUARDIAN BELLS, LLC
By Its Attorneys

*/s/ Jeffrey E. Poindexter*
Jeffrey E. Poindexter, ct29658
Bulkley, Richardson and Gelinas, LLP
1500 Main Street – Suite 2700
P.O. Box 15507
Springfield, Massachusetts 01115-5507
(413) 272-6232; fax: (832) 831-2424
jpoindexter@bulkley.com

## CERTIFICATE OF SERVICE

I, Jeffrey E. Poindexter, hereby certify that this document filed through the ECF system

will be sent electronically to the registered participants as identified on the Notice of Electronic

Filing (NEF) on this 28th day of June, 2022.

*/s/ Jeffrey E. Poindexter*
Jeffrey E. Poindexter